UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-2192-KK-SPx** | Date: | October 21, 2024 |
| Title: | *Eric Cameron Lane v. United States of America* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed

On October 15, 2024, plaintiff Eric Lane ("Plaintiff"), proceeding pro se, filed the instant Complaint. ECF Docket No. ("Dkt.") 1, Compl. Plaintiff brings his claim under the Federal Tort Claims Act ("FTCA") alleging his U.S. Department of Veteran Affairs Vocational Rehabilitation & Employment ("VR&E") counselor "negligently failed to perform her duties in administering benefits for which [Plaintiff] was approved." Compl. ¶ 6.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Id.

Here, it appears this Court lacks subject-matter jurisdiction. Additionally, the matter appears to be time-barred. However, before dismissing the Complaint, the Court will permit Plaintiff an opportunity to respond as to why this matter should not be dismissed.

First, although Plaintiff seeks to bring this action under the FTCA, Plaintiff has not alleged that he has filed his tort claim with the appropriate federal agency before commencing proceedings in this Court in accordance with the FTCA. See 28 U.S.C. § 2675(a); see also Johnson v. United States, 704 F.2d 1431, 1442 (9th Cir. 1983) (affirming the dismissal of a claim for failure to exhaust FTCA's procedures); Wiggins v. Rogers, No. C 95-1606-VRW, 1995 WL 374316, at *1 (N.D. Cal.

June 14, 1995) (dismissing a pro se litigant's FTCA claim for failure to exhaust administrative remedies).

Second, Plaintiff's claim, though styled as an FTCA claim, amounts to a challenge of a decision concerning a benefit provided by the U.S. Department of Veteran Affairs.  However, pursuant to 38 U.S.C. § 511(a), this Court does not have jurisdiction over such a claim.  38 U.S.C. § 511(a) ("The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.  Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise."); see also Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1023 (9th Cir. 2012) (finding Congress expressly disqualified U.S. courts, other than the Veterans Court and the Federal Circuit, from hearing VA benefits cases given that § 511(a) states such cases "may not be reviewed by any . . . court"); Hicks v. Small, 69 F.3d 967, 970 (9th Cir. 1995) (affirming a district court's dismissal of plaintiff's tort claims because determination of plaintiff's tort claims "would necessitate a 'consideration of issues of law and fact involving the decision to reduce [plaintiff's] benefits'") (quotation marks and citation omitted).

In addition, while not a jurisdictional bar, the Court notes this action appears to be time-barred.  Plaintiff alleges the negligent acts occurred in 2020 and 2021.  Compl. ¶¶ 8, 11.  However, the statute of limitations for a claim under the FTCA is "two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401.  Hence, even assuming this Court has jurisdiction, it appears Plaintiff's claim is barred by the statute of limitations.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction and/or as time-barred.  Plaintiff shall file a response to this Order **no later than November 7, 2024**.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed for lack of jurisdiction and as time-barred.**

**IT IS SO ORDERED.**